UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

M.B., S.C., and L.P.,

    Plaintiffs,

v.                                      CASE NO.: 8:10-cv-1081-T-23TBM

THE UNIVERSITY OF TAMPA, INC.,

    Defendant.
_____/

**ORDER**

The plaintiffs sue (Doc. 2) in state court to enjoin the defendant from penalizing the plaintiffs for an alleged violation of the defendant's "anti-hazing" policy. The defendant removes (Doc. 1) and asserts federal question jurisdiction under 28 U.S.C. § 1331. The plaintiffs move (Doc. 4) both for leave to file an amended complaint and for remand.

In removing, the defendant states that "[i]t appears on the face of Petitioners' Complaint that this is a civil action based on allegations that The University violated their due process rights under the United States Constitution and otherwise discriminated against them on the basis of their race." The plaintiffs claim that the defendant, after finding that the plaintiffs violated the "anti-hazing" policy, "arbitrarily and disparately sanctioned" the plaintiffs. Arguing for immediate remand, the plaintiffs assert (1) that the plaintiffs' mere "casual reference to the due process clause does not state a substantial question of federal law which is in dispute" and (2) that the plaintiffs neither allege a violation of, nor seek relief under, the U.S. Constitution. Renouncing any intent

to state a federal constitutional claim, the plaintiffs seek to amend the complaint by deleting the words "U.S. Constitution" and to remove any question of federal law from the dispute.

To the extent that the plaintiffs' seek leave to amend, the motion is **GRANTED**. Additionally, because neither the original nor the amended complaint present a controlling question of federal law,[1] pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** for lack of subject matter jurisdiction. Owing to the exigent nature of the plaintiffs' allegations and request for relief, the Clerk is directed to provide notice of remand to the Clerk of the Circuit Court for Hillsborough County contemporaneous with the entry of this order. Furthermore, the Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on May 7, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986) (finding that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced.") (citing Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to"); The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon"); and United States v. Mottaz, 476 U.S. 834, 850 (1986)).